DARRYL J. HOROWITT #100898
DANIA M. ALVARENGA #244486
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Defendant,
GULF STREAM COACH, INC.,
an Indiana corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUAIR VENTURES, LLC, ANTONIA CITRINO, and JOSEPH GEIGER,<br><br>Plaintiffs,<br><br>v.<br><br>GULF STREAM COACH, INC., and DOES 1 through 30,<br><br>Defendants. | NO.   C 08-02903 SC<br><br>**ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT BY DEFENDANT GULF STREAM COACH, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, GULF STREAM COACH, INC. (hereafter referred to as "defendant"), answering for itself alone and for no other defendants, in answer to the unverified complaint of plaintiffs, ANTONIA CITRINO, JOSEPH GEIGER and AQUAIR VENTURES, LLC (collectively "plaintiffs"), filed herein, admits, denies, and alleges as follows:

1. This answering defendant, in response to the unverified complaint on file herein, and by virtue of the provisions of § 431.30 (d) of the Code of Civil Procedure, denies, generally and specifically, each and every allegation contained in said complaint, and the whole thereof.

2. Further, this answering defendant denies that by reason of any act or acts, negligence, fault, carelessness, omission or omissions, or conduct on the part of this answering defendant, were plaintiffs damaged in any sum whatsoever, whether as alleged in plaintiffs' complaint or otherwise, or at all.

1

**FIRST AFFIRMATIVE DEFENSE**

As a first and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

3. That plaintiffs' complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

As a second and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

4. This answering defendant is informed, believes and thereon alleges that whatever damages, if any, were sustained by plaintiffs, such damages were directly and proximately caused or contributed to by the wrongful, improper, and negligent conduct of plaintiffs, or persons other than this answering defendant.

**THIRD AFFIRMATIVE DEFENSE**

As a third and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

5. That plaintiffs were, themselves, negligent and careless in and about the matters set forth in the complaint and that said negligence proximately contributed to their alleged injury and/or damages. By reason thereof, any verdict of the jury and/or court in favor of the plaintiffs, if any, which may be rendered in this action must therefore be reduced by the percentage that plaintiffs contributed to the damages complained of, if any there were.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

6. This answering defendant is informed and believes and thereon alleges that persons or entities other than this answering defendant were at fault for the acts alleged to have resulted in damage to plaintiffs, and by reason thereof, plaintiffs' right of recovery, if any, from this answering defendant should be reduced by that amount which the fault of persons or entities other than this answering defendant contributed to any alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

7. That by reason of plaintiffs' actions, plaintiffs are estopped from any recovery against this answering defendant.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

8. This answering defendant is informed, believes and thereon alleges that persons or entities other than this answering defendant are jointly and severally liable with this answering defendant for the injuries and/or damages sustained by plaintiffs, if any there were.

9. The verdict of the jury and/or court in favor of the plaintiffs, if any, which may be rendered in this action must therefore be limited and/or restricted to the percentage that the acts of this answering defendant proximately contributed to the injuries and/or damages sustained by plaintiffs, if any there were.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

10. That plaintiffs could have, in the exercise of reasonable diligence, mitigated their damages, but have failed and refused, and continue to fail and refuse, to do so.

11. By virtue of their actions, plaintiffs are barred from any relief whatsoever from this answering defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

12. If this answering defendant is found to be responsible for damages to plaintiffs, which is expressly denied herein, this answering defendant is responsible only for its proportionate share of non-economic damages and is jointly and severally responsible solely for

those economic damages as can be proven by plaintiffs under the provisions of Civil Code §§ 1431.1 and 1431.2(a) and (b).

**NINTH AFFIRMATIVE DEFENSE**

As a ninth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

13. Plaintiffs' claim is barred by the applicable statute of limitations including, but not limited to, Code of Civil Procedure § 335.1.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

14. Plaintiffs' claim is barred because by their actions and conduct, Plaintiffs assumed the risk of injuries incurred, if any there be.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

15. Plaintiffs' claim is barred because any alleged defect was not a substantial factor in bringing about any of Plaintiffs' alleged injuries.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

16. Plaintiffs' claim is barred because this answering defendant provided adequate directions for the reasonable use of the subject product and had a right to rely on the fact that Plaintiffs would heed such warnings in using the product.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

17. Plaintiffs' claim is barred because their alleged injuries and damages were caused by their misuse of defendants' product.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

18. Plaintiffs' claim is barred because they, or third persons acting on their behalf, modified defendant's product after it left defendant's control. Such modifications were a substantial factor in bringing about Plaintiffs' injuries and damages, if any there be.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

19. Plaintiffs' claims are limited by and governed by the provisions of Defendant's Limited Warranty, including, but not limited to, the choice of law of the State of Indiana, the notice requirements of the Limited Warranty, the exclusions and limitations of the Limited Warranty, and the obligations of the retailer owner.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

20. This action is barred to the extent that it was filed after the limitations period set forth in defendant's Limited Warranty.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

21. Plaintiffs' claims are barred, in whole or in part, by the exclusion of warranties contained in defendant's Limited Warranty, as well as by applicable provisions of law including, but not limited to I.C. §26-1-2-316.

22. Plaintiffs' claims are also barred, in whole or in part, by the limitation of remedies contained in defendant's Limited Warranty and as barred by all other applicable laws of the State of Indiana.

///

5

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

23. To the extent that plaintiffs entered into an accord and satisfaction, plaintiffs' claims are barred.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a nineteenth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

24. That plaintiffs' action is barred by the doctrine of laches.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a twentieth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

25. To the extent that defendant, or other third parties, have already made repairs to plaintiffs' motor home requested by plaintiffs, at their own expense, plaintiffs are barred from seeking further relief or remedy.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-first and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

26. Plaintiffs' claims are barred because plaintiffs had a reasonable opportunity to inspect the subject motor home, or in the exercise of reasonable care, should have inspected the motor home, and thereafter accepted in the condition it was purchased in.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a twenty-second and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

27. Plaintiffs' claims are barred to the extent they did not rely on any representations made regarding any alleged warranties relating to the purchase, selection, and/or use of the subject motor home.

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

28. Plaintiffs' claims are barred to the extent that plaintiffs failed to comply with the Uniform Commercial Code, as adopted by the State of Indiana or any other applicable state law, including, but not limited to, the failure to allow defendant to exercise any right to cure any alleged defect.

29. In addition, plaintiffs' claims are barred to the extent that defendant was not required to cure any alleged defect pursuant to applicable law or the provisions of the Limited Warranty, or the contract for the purchase of the subject motor home.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth and separate affirmative defense to plaintiffs' complaint, this answering defendant alleges:

30. That at the time plaintiffs requested that repairs be made by California R.V. Supercenter, they properly made all repairs and eliminated any deficiencies in the vehicle in issue. By reason of the foregoing, plaintiffs are precluded, in whole or in part, from any recovery from this answering defendant.

WHEREFORE, this answering defendant prays for judgment against plaintiffs as follows:

1. That plaintiffs take nothing by way of their complaint;
2. That plaintiffs' complaint be dismissed with prejudice;
3. For costs of suit incurred herein; and,
4. For such other and further relief as the Court may deem just and proper.

Dated: June 16, 2008          COLEMAN & HOROWITT, LLP

By: /s/_____
DANIA M. ALVARENGA
Attorneys for Defendant,
GULF STREAM COACH, INC.

**DEMAND FOR JURY TRIAL**

Defendant, GULF STREAM COACH, INC., hereby demands a jury trial.

Dated: June 16, 2008         COLEMAN & HOROWITT, LLP


By: /s/_____
    DANIA M. ALVARENGA
    Attorneys for Defendant,
    GULF STREAM COACH, INC.,