DARRYL J. HOROWITT  #100898
DANIA M. ALVARENGA  #244486
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 West Shaw, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile:  (559) 248-4830

Attorneys for Defendant,
GULF STREAM COACH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUAIR VENTURES, LLC, ANTONIA CITRINO, and JOSEPH GEIGER,<br><br>    Plaintiffs,<br><br>  v.<br><br>GULF STREAM COACH, INC., and DOES 1 through 30,<br><br>    Defendants. | NO. C 08-02903 SC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Filed Concurrently with Request to Take Judicial Notice and Proposed Order]**<br><br>Date:  August 1, 2008<br>Time:  10:00 a.m.<br>Courtroom: 1 |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that on July 25, 2008, at 10:00 a.m., in Courtroom 1 of the U.S. District Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant, GULF STREAM COACH, INC., will, and hereby does, move this court to dismiss Plaintiffs' first cause of action for willful violation of the Song-Beverly Act and on all causes of action for Plaintiffs ANTONIA CITRINO and JOSEPH GEIGER.  This motion will be based on the grounds that Plaintiffs fail to qualify as consumers and that the vehicle in question further fails to qualify as a new motor vehicle under Civil Code § 1790 et seq., and that, in accordance with

1

Federal Rule of Civil Procedure, Rule 12(b)(6), both plaintiffs ANTONIA CITRINO and JOSEPH GEIGER have failed to state a claim upon which relief may be sought.

The motion will be based on this Notice and the Memorandum of Points and Authorities in support thereof, the Request to Take Judicial Notice, and any and all oral argument and documentary evidence presented by the aforementioned Defendant at any hearing on this matter.

Respectfully submitted,

Dated: June 16, 2008                COLEMAN & HOROWITT, LLP

By: /s/_____
       DANIA M. ALVARENGA
       Attorneys for Defendant,
       GULF STREAM COACH, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, GULF STREAM COACH INC. ("GSC"), submits the following Memorandum of Points and Authorities in support of its motion to dismiss:

## INTRODUCTION

This is an action to recover damages on account of an allegedly defective Gulf Stream Tour Master T40 Class "A" motor home ("the RV"). Plaintiff, AQUAIR VENTURES, LLC ("AQUAIR"), purchased the RV from one of GSC's authorized retailers. AQUAIR, along with ANTONIA CITRINO ("CITRINO") and JOSEPH GEIGER ("GEIGER") (collectively "PLAINTIFFS"), are now claiming the RV was defective and conforms to the definition of a "lemon vehicle" under both federal and state consumer protection laws.

Neither GEIGER nor CITRINO were purchasers of the RV. Moreover, AQUAIR is an LLC and, as such, cannot be considered a consumer under California's Song-Beverly Consumer Warranty Act. GSC thus files this motion to dismiss the claims based on Song-Beverly and all claims brought by GEIGER and CITRINO.

## SUMMARY OF THE COMPLAINT

AQUAIR is a Montana limited liability company. (See Request to Take Judicial Notice ("RJN"), Exhibit "A.") Its business is "real and personal property." (*Ibid.*)

On May 18, 2006, AQUAIR purchased a Gulf Stream Tour Master RV motor home ("RV") from California RV Supercenter. (See Complaint, ¶ 5; Exhibit "A" to Complaint.) GSC, as the manufacturer, provided warranties, which AQUAIR claims were breached when the RV was delivered with defects which impaired the use, safety, and value of the RV, and which were not repaired after a reasonable opportunity to do so. (See Complaint, ¶¶ 6-10.) AQUAIR then requested a buyback, which was denied by GSC. (See Complaint, ¶ 11.)

GREIGER and CITRINO are alleged to be Plaintiffs as the sole owners of AQUAIR, but why they are named as Plaintiffs, when AQUAIR is already named, is not alleged. (See Complaint, ¶ 1.)

Three claims for relief are brought: Violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"), violation of Magnuson-Moss Consumer Warranty Act, and negligence.

1  (See Complaint.)  Unspecified monetary damages are sought.  (*Ibid*.)

## DISCUSSION

### 1. THE MOTION TO DISMISS SHOULD BE GRANTED AS TO GEIGER AND CITRINO AS THEY LACK STANDING TO SUE; THEY ARE NOT THE OWNERS OF THE RV

Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), provides that a motion to dismiss may be granted where a plaintiff has failed to state a claim upon which relief may be granted.  Courts have held that dismissal is proper only where there is *either* a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."  (See *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).)

It is equally well settled that only a real party in interest may sue.  (See FRCP, Rule 17(a)(1).)  In this action, neither CITRINO nor GEIGER are the real parties in interest as they did not purchase the RV in issue, AQUAIR did.  (See Complaint, ¶ 5; Exhibit "A" to Complaint.)  The purchase agreement (Exhibit "A" to Complaint) makes it clear that AQUAIR is the purchaser.  (*Ibid*.)  Civil Code § 1791 defines a buyer for purposes of Song-Beverly as "any *individual* who buys consumer goods."  Similarly, under the Magnuson-Moss Consumer Warranty Act, consumer "means a buyer ... of any consumer product."  (15 U.S.C. § 2301.)

Here, neither CITRINO nor GEIGER are purchasers of the RV.  (See Exhibit "A" to Complaint.)  In the purchase agreement, the purchaser is identified clearly as AQUAIR.  (*Ibid*., p. 1.)  Since neither GEIGER nor CITRINO were purchasers of the RV, they cannot maintain a claim under either Magnuson-Moss or Song-Beverly.

Additionally, in order to prove negligence, CITRINO and GEIGER must allege and prove: (1) a duty; (2) a breach of that duty; (3) causation; and, (4) damages.  (See *Ileto v. Glock Inc*., 349 F.3d 1191 (9th Cir. 2003) .)  Because neither GEIGER nor CITRINO were purchasers or owners of the RV and they had no relationship with GSC, GSC cannot have owed them a duty of care or breached that duty.

Based on the above, GSC respectfully request this Court grant its motion to dismiss both GEIGER and CITRINO's action in its entirety.

4

**2. AQUAIR'S FIRST CLAIM FOR RELIEF SHOULD BE DISMISSED SINCE THE RV DOES NOT CONSTITUTE A NEW CONSUMER VEHICLE UNDER CALIFORNIA'S SONG-BEVERLY ACT**

As is more fully set forth above, Civil Code § 1791 defines a buyer for purposes of Song-Beverly as "any *individual* who buys consumer goods." In addition, under Civil Code §1791, "consumer goods" means any new product or part thereof that is used, bought, or leased for use primarily for ***personal, family, or household purposes***, except for clothing and consumables." Civil Code § 1793.22 (e)(2) defines a new motor vehicle as one used for personal, family or household purposes. It also provides that a new motor vehicle may be defined as:

> "New motor vehicle" also means a new motor vehicle ***with a gross vehicle weight under 10,000 pounds*** that is bought or used primarily for business purposes by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which not more than five motor vehicles are registered in this state." (Emphasis added).

Thus, if a vehicle weighing under 10,000 pounds is purchased by a limited liability company, the limited liability company may be entitled to the protections of Song-Beverly. The RV, however, weighs more than 10,000 pounds. (See RJN, Exhibits "B" and "C," and RJN, fact 2.) In fact, the chassis alone weighs over 32,000 pounds. (*Ibid*.) Because the RV does not fit the required definitions under Song-Beverly, GSC submits that its motion to dismiss should be granted because AQUAIR cannot be considered a consumer under Song-Beverly.

**CONCLUSION**

Based on the foregoing, GSC respectfully requests that the Court grant its motion to dismiss.

Respectfully submitted,

Dated: June 16, 2008                COLEMAN & HOROWITT, LLP


By: /s/_____
    DANIA M. ALVARENGA
    Attorneys for Defendant,
    GULF STREAM COACH, INC.

5