UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUAIR VENTURES, LLC, ANTONIA CITRINO, and JOSEPH GEIGER,<br><br>    Plaintiffs,<br><br>    v.<br><br>GULF STREAM COACH, INC.<br><br>    Defendant. | No. C-08-2903 SC<br><br>ORDER DENYING MOTION TO DISMISS OR <u>TRANSFER</u> |

## I. **INTRODUCTION**

Before the Court is the Motion to Dismiss or Transfer ("Motion") filed by Defendant Gulf Stream Coach, Inc. ("Defendant" or "Gulf Stream"). Docket No. 39. Plaintiff Aquair Ventures, LLC ("Plaintiff" or "Aquair") filed an Opposition and Defendant filed a Reply. Docket Nos. 45, 50. For the reasons set forth below, the Motion is DENIED.

## II. **BACKGROUND**

Aquair, Antonia Citrino ("Citrino"), and Joseph Geiger ("Geiger") brought this suit against Gulf Stream in the Sonoma County Superior Court. See Notice of Removal, Docket No. 1, Ex. A ("Compl."). According to the Complaint, in May 2006, Aquair purchased a new 2006 Gulf Stream Tour Master motorhome ("Vehicle") from California RV Supercenter, a Gulf Stream dealer, for

$206,543.00.  Id. ¶ 5.  Aquair alleges that the Vehicle was defective.  Id. ¶ 8.  Aquair alleges that the windshield came out of the frame while the vehicle was traveling on the highway, and that attempts to repair it have not been successful.  Id. ¶¶ 8-9.  Aquair desired to return the Vehicle, but Gulf Stream has refused to reimburse Aquair.  Id. ¶ 11.

On June 11, 2008, Gulf Stream invoked the Court's diversity jurisdiction and removed the action from state court.  See Notice of Removal.  On June 16, 2008, Gulf Stream filed an answer and a motion to dismiss.  Docket Nos. 3, 5.  On September 4, 2008, the Court granted in part and denied in part the motion, dismissing the claims of Citrino and Geiger.  Docket No. 17.  On January 21, 2009, the Court granted Gulf Stream's motion for partial summary judgment, dismissing Aquair's claim brought under the Song-Beverly Consumer Warranty Act, California Civil Code section 1790, et seq.  Docket No. 38.  Aquair's remaining causes of action are for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and negligence.  See Compl. ¶¶ 23-36.

### III. LEGAL STANDARD

#### A. Improper Venue and Waiver

Federal Rule of Civil Procedure 12(b)(3) permits a party to assert the defense of improper venue by motion.  Fed. R. Civ. P. 12(b)(3).  A defense of improper venue is waived unless it is included in the defendant's Rule 12 motion or, if no such motion is filed, in the answer to the complaint.  Fed. R. Civ. P. 12(h)(1).

-2-

### B.  **Transfer**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis."  Foster v. Nationwide Mut. Ins. Co., No. 07-4928, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007) (relying on Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

To support a motion for transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. Foster, 2007 WL 4410408 at *2.  In determining this issue, courts look to factors including plaintiff's choice of forum, convenience of the parties and witnesses, and ease of access to the evidence. See id.  In addition, a forum selection clause is a significant but not dispositive factor.  Jones, 211 F.3d at 498.

///

///

///

-3-

## IV. DISCUSSION

### A. Gulf Stream Waived Improper Venue Defense

Gulf Stream moves the Court to dismiss based on improper venue. Mot. at 5. Gulf Stream relies on the forum-selection clause in Gulf Stream's Limited Warranty. See Errata to Suddon Decl., Docket No. 44, Ex. A ("Limited Warranty").[1] Plaintiff alleges that there was no adequate notice of the forum-selection clause. Opp'n at 4. Citrino disputes ever having seen the Gulf Stream Limited Warranty, and she believes her signature on it is a forgery. Citrino Decl. ¶¶ 9-12.[2] Gulf Stream responds that Citrino signed a registration form whereby she certified that all warranties were explained to her, and Gulf Stream points out that the Complaint itself references warranties. Reply at 3; Errata to Suddon Decl. Ex B ("Registration Form"); Compl. ¶¶ 6-7.

The Court does not need to reach these arguments for and against enforcement of the forum-selection clause because, under Federal Rule of Civil Procedure 12(h)(1), Gulf Stream has waived the improper venue defense. The defense was not included in either Gulf Stream's answer or its first motion to dismiss, both of which were filed on June 16, 2008. See Docket Nos. 3, 5. This waiver principle applies to motions to dismiss for improper venue based on contractual forum-selection clauses. American Home Assurance Co. v. TGL Container Lines, Ltd., 347 F. Supp. 2d 749,

---

[1] Anthony Suddon, Director of Consumer Affairs for Gulf Stream, filed a declaration in support of the Motion. Docket No. 40.

[2] Antonia Citrino, one of the two owners of Aquair, filed a declaration in opposition to the Motion. Docket No. 46.

-4-

765 (N.D. Cal. 2004)(citing Sharpe v. Jefferson Distrib. Co., 148 F.3d 676, 679-80 (7th Cir.1998), abrogated on other grounds by Papa v. Katy Indus., Inc., 166 F.3d 937 (7th Cir. 1999)).

Gulf Stream contends that the Song-Beverly Warranty Consumer Act ("Act") contained "a specific venue provision that permitted the action to be filed in California," but that venue became improper in this Court after the Court dismissed Plaintiff's claim based on the Act. Reply at 4-5. Gulf Stream's contention that dismissal of a claim affects venue makes no sense. Venue in removed cases is governed by 28 U.S.C. § 1441. Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 534-35 (6th Cir. 2002). Gulf Stream removed this case from the Sonoma County Superior Court. Notice of Removal ¶ 1. Sonoma County is in the Northern District of California. 28 U.S.C. § 84. There can be no doubt that venue was, and still is, proper in this Court.

### B.   Gulf Stream's Motion to Transfer

Alternatively, Gulf Stream moves to transfer this case to Indiana. Mot. at 6. Gulf Stream contends the case should be transferred because the Vehicle was manufactured and assembled in Indiana, witnesses and records are located in Indiana, Gulf Stream is incorporated and headquartered there, and because of the forum-selection clause in the Limited Warranty. Mot. at 6-7; Suddon Decl. ¶¶ 12-14.

The Court has discretion to adjudicate motions for transfer based on an individualized consideration of convenience and fairness. Jones, 211 F.3d at 498 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Plaintiff's choice of forum

-5-

carries substantial weight in a motion to transfer venue. See Foster, 2007 WL 4410408 at *2; Flint v. UGS Corp., No. 07-4640, 2007 WL 4365481, at *3 (N.D. Cal. Dec. 12, 2007). Because Plaintiff's choice of forum is entitled to deference, Gulf Stream has the burden of showing that the convenience of the parties and witnesses and the interest of justice requires transfer to Indiana. See Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

While Aquair is a Montana corporation, Citrino and Geiger are the sole owners of Aquair, and they reside in Santa Rosa, California. Notice of Removal ¶ 7; Compl. ¶ 1. Citrino and Geiger are likely to be the main witnesses concerning the windshield's defective performance after purchase of the Vehicle. Opp'n at 2-3. Two of the four attempts to repair the windshield occurred in California, and technicians who performed those repairs reside in Santa Rosa, California, and San Jose, California. Citrino Decl. ¶ 15; Seth Decl. ¶ 2.[3]

Although the Limited Warranty contains a forum-selection clause, Gulf Stream removed the case to this Court almost ten months ago, and the Court has since decided both a motion to dismiss and a motion for partial summary judgment filed by Gulf Stream. Docket Nos. 17, 38. The Court has set this case for trial on June 15, 2009. Docket No. 20. Permitting the case to be transferred now would clearly cause unreasonable delays and expense. See Van Dusen, 376 U.S. at 616 (noting that purpose of §

---

[3] Donald D. Seth, an attorney for Plaintiff, filed a declaration in support of Plaintiff's Opposition. Docket No. 47.

-6-

United States District Court
For the Northern District of California

1404(a) is to prevent waste of time, energy, and money).  Gulf Stream's ten-month delay in filing this Motion weighs against transfer.  See Sharpe, 148 F.3d at 679-80 (determining that seven-month delay in asserting forum-selection clause was too long and district court should not have transferred case).  While Indiana would be a more convenient forum for Defendant's witnesses, California is the more convenient forum for Plaintiff.  A transfer will not be ordered if the result is merely to "shift" the inconvenience from one party to another.  Forte Capital Partners v. Harris Cramer, No. 07-01237, 2007 WL 1430052, at *6 (N.D. Cal. May 14, 2007).  The Court determines that Gulf Stream has not met its burden of showing that the case should be transferred.

## V.  CONCLUSION

For the reasons described above, the Court DENIES Gulf Stream's Motion to Dismiss or Transfer.

IT IS SO ORDERED.

Dated: May 26, 2009

*[signature]*

UNITED STATES DISTRICT JUDGE

-7-